UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GRAVES,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>    Defendant. | Case No. 21-cv-03186-JD<br><br>**ORDER RE DISMISSAL AND CERTIFICATE OF APPEALABILITY** |

Petitioner Matthew Graves, who is represented by counsel, seeks federal habeas relief after a jury conviction in the San Mateo County Superior Court. Dkt. No. 1 (citing 28 U.S.C. § 2254). Respondents ask to dismiss the petition on procedural grounds, namely, that the Court may not reach the merits because the California appellate courts rejected Graves' state habeas petitions as untimely under California law. Dkt. No. 17 at 2-3. Graves filed an opposition. Dkt. No. 22. Dismissal is granted.

**PROCEDURAL HISTORY**

Graves was convicted on charges of pimping a minor aged 16 or older (Cal. Penal Code § 266h(b)(1)), pandering a minor aged 16 or older (*id*. § 266i(b)(1)), forcible human trafficking of a minor for a sex act (*id*. § 163.1(c)(2)), and dissuading a witness (*id*. § 136.1(b)(2)). Dkt. No. 1-1, Exh. 2 at 4. He appealed his conviction on the ground that his attorney's failure to object to prosecutorial misconduct during closing arguments amounted to ineffective assistance of counsel. Dkt. No. 1-1, Exh. 2. The California Court of Appeal affirmed the conviction. *Id*. Among other things, the court concluded that Graves failed to show prejudice because "there was ample corroboration of [the victim's] testimony that appellant was her pimp." *Id*., Exh. 2 at 7. Graves sought review by the California Supreme Court, which denied the petition. *Id*., Exh. 3.

Graves obtained habeas counsel and filed an original habeas petition in the San Mateo Superior Court. *Id.*, Exh. 15. The petition alleged the prosecutorial misconduct issue and other ineffective assistance claims, and added new claims with respect to evidence said to show Graves' actual innocence. *See id*. The Superior Court denied the writ because Graves failed to "establish a prima facie case for relief." *Id.*, Exh. 16 at 3.

To recap the Superior Court's decision, the court found that none of Graves' ostensible new evidence was likely to have changed the outcome at trial. *Id.*, Exh. 16 at 2. It concluded that the new fact and expert evidence purporting to undermine the credibility of the minor victim, "JD," was "cumulative" of similar evidence presented at trial. *Id*. The court rejected the federal constitutional claim of ineffective assistance because Graves had not shown prejudice. *Id*. (citing *In re Hernandez*, 33 Cal. App. 5th 530, 543-544 (2019)). Finally, the court rejected the claim for ineffective assistance in connection with a plea agreement because an attorney's misjudgment of the strength of the defense is not ineffective assistance, and because Graves failed to establish that he would have accepted the plea agreement had he received different advice. *Id.*, Exh. 16 at 3 (citing *In re Alvernaz*, 2 Cal. 4th 924, 937, 938 (1992)).

Graves filed successive original habeas petitions in the California Court of Appeal and California Supreme Court. The Court of Appeal filed a short denial with case citations indicating that the petition was untimely under California law, *see* Dkt. No. 1-1, Exh. 18 (citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Clark*, 5 Cal. 4th 750, 782-799 (1993); *In re Swain*, 34 Cal. 2d 300, 303-304 (1949)), and that Graves had not stated a claim for ineffective assistance of counsel, *see id*. (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004); *People v. Mitcham*, 1 Cal. 4th 1027, 1059 (1992); *In re Alvernaz*, 2 Cal.4th 924, 937-938, 940-941 (1992); *In re Golia*, 16 Cal. App. 3d 775, 786 (1971)).

The California Supreme Court issued a summary denial of Graves' third habeas petition. Dkt. No. 1-1, Exh. 24. Graves subsequently filed the present petition. Dkt. No. 1.

## LEGAL STANDARD

The Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

2

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Davidson v. Arnold*, No. 16-CV-03298-JD, 2020 WL 1332096, at *3 (N.D. Cal. Mar. 23, 2020) (quoting 28 U.S.C. § 2254(d)). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A state court decision is "contrary to" Supreme Court authority only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *see Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the Court looks to the last reasoned opinion. *See Nunnemaker*, 501 U.S. at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). In this case, the Court looks through the California Supreme Court's summary denial to the reasoned

3

1    decision of the Court of Appeal.  The Court does not review the Superior Court's order because,
2    "even when one state court adhered to federal law, if the last court to review the claim erred, the
3    federal court should review the last decision in isolation and not in combination with decisions by
4    other state courts." *Barker*, 423 F.3d at 1093.

## DISCUSSION

Graves forthrightly "acknowledges" that: (1) the California Court of Appeal denial of his habeas petition "constitutes a time-based and procedural denial in California"; and (2) the denial is "an adequate and independent state bar, depriving a federal court of jurisdiction in 28 U.S.C. § 2254 cases," such as this one.  Dkt. No. 22 at 2-3.  Graves recognizes that these undisputed facts all but foreclose his petition in this Court under *Walker v. Martin*, which concluded that denial of a state habeas petition under the California state timeliness rule is precisely the type of adequate and independent state ground that bars federal habeas relief.  562 U.S. 307, 316 (2011).

That effectively closes the door on any further proceedings here.  Graves argues that *Walker* "should be revisited," Dkt. No. 22 at 5, and that it "[cries] out for a reassessment," *id.* at 6, but understands that only the Supreme Court may reconsider *Walker*, *id*. at 2.

That point aside, Graves did not present a good reason to distinguish *Walker* from his situation, or otherwise map out a way around it here.  His reliance on *Lee v. Kemna*, 534 U.S. 362 (2002), is misplaced.  *Lee* addressed a default under a different procedural rule in a different state that "did not constitute a state ground adequate to bar federal habeas review" under the "extraordinary circumstances" of that petitioner's case.  *Lee*, 534 U.S. at 366, 376.  Graves says that the California timeliness rule was unfairly applied to him because another petitioner supposedly was not barred from proceeding on similar facts.  Dkt. No. 22 at 7.  Even assuming that may be true, which is not at all obvious from the record, the Supreme Court expressly acknowledged that *Walker* may result in "seeming inconsistencies." *Walker*, 562 U.S. at 320.  In addition, one item of anecdotal evidence is hardly enough to plausibly allege a pattern of unfair inconsistencies that might raise due process or other concerns.  Overall, Graves has not demonstrated that his case might fall within the "small category of cases in which asserted state grounds are inadequate to block adjudication of a federal claim." *Lee*, 534 U.S. at 381.

Graves' effort to demonstrate an exception to the independent state ground doctrine under *Coleman v. Thompson*, 501 U.S. 722 (1991), is equally unavailing. *See* Dkt. No. 22 at 7-9. To overcome the default, Graves had to establish "cause for the [procedural] default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

He made neither showing. His opposition brief offers only conclusory statements to the effect that he is actually innocent of the sex crimes for which he was convicted, and that declining to consider the merits of his claims would be a fundamental miscarriage of justice. *See* Dkt. No. 22 at 7-8. None of this is supported meaningful analysis, and the ostensible evidentiary support is limited to his statements in the petition.

While that is enough to end the discussion here, the Court will highlight some of the specific failures of Graves' presentation. With respect to the element of cause, Graves says that an expert report comprising the factual basis for his habeas petition was not prepared until almost one a year after the California Supreme Court denied appellate review of his conviction. Dkt. No. 22 at 8.

That is far from sufficient. "To show cause, a petitioner must point to some objective factor external to the defense that prevented him from complying with the state procedural rule." *Benton v. Koenig*, No. 19-CV-01446-JD, 2019 WL 6465143, at *2 (N.D. Cal. Dec. 2, 2019) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "[O]nly where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." *Martinez v. Ryan*, 566 U.S. 1, 13 (2012). Defense counsel's alleged delay in marshaling evidence for the habeas petition is not cause for overriding the state court's lawful determination of default, particularly because the errors of a petitioner's agent on these facts are attributed to the petitioner. *Coleman*, 501 U.S. at 752-53.

With respect to prejudice, the petition alleges that Graves' trial counsel did not offer evidence that would have established an alibi for Graves, and did not locate an expert to undermine JD's credibility and establish a motive for her to lie. Dkt. Nos. 22 at 9; 1 at 36-37.

5

The California Court of Appeal rejected the ineffective assistance claim on the merits, albeit in a highly economical statement. *See* Dkt. No. 1-1, Exh. 18. Under these circumstances, the Court's consideration of the ineffective assistance claim is "doubly deferential." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). "On habeas review, the Court defers to defense counsel's tactical choices and the state court's determination of whether those choices were reasonable." *Yu v. Ndoh*, No. 20-CV-06970-JD, 2024 WL 308267, at *4 (N.D. Cal. Jan. 26, 2024) (citing *Yarborough*, 540 U.S. at 6). The sole question for the Court is whether "it would have been reasonable to reject [Graves'] allegation of deficient performance for any of the reasons expressed by the court of appeal." *Cannedy v. Adams*, 706 F.3d 1148, 1159 (9th Cir. 2013).

The Court of Appeal's decision was not contrary to established law. The court cited *People v. Mitcham*, 1 Cal. 4th 1027, 1059 (1992), which says that "electing to present no defense case" is a "matter[] of trial tactics and strategy which a reviewing court generally may not second-guess." *Id.* (citing *People v. Pangelina*, 153 Cal. App. 3d 1, 6-9 (1984)). The *Mitcham* court reasoned that "counsel could have determined that the defense's strongest argument was that the prosecution had failed to prove its case beyond a reasonable doubt." *Id.* That holding is entirely consistent with the Supreme Court's conclusion that, "[t]o support a defense argument that the prosecution has not proved its case it sometimes is better to try to cast pervasive suspicion of doubt than to strive to prove a certainty that exonerates." *Richter*, 562 U.S. at 109. The Supreme Court has also cautioned that "strategic decisions -- including whether to hire an expert -- are entitled to a 'strong presumption' of reasonableness." *Dunn v. Reeves*, 594 U.S. ___, 141 S. Ct. 2405, 2410 (2021) (quoting *Richter*, 562 U.S. at 104)). The Court cannot say that the Court of Appeal unreasonably applied these principles here.

With respect to a miscarriage of justice, Graves says that "[r]eliable evidence, which was not presented at trial," would have established his innocence. Dkt. No. 22 at 8-9. The "Supreme Court limits the 'miscarriage of justice' exception to habeas petitioners who can show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Roundtree v. Beard*, No. 15-CV-02718-JD, 2016 WL 1059411, at *2 (N.D. Cal. Mar. 17, 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "In order to pass through the actual

innocence gateway of *Schlup*, [Graves] must show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." *Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007) (citing *House v. Bell*, 547 U.S. 518 (2006)); *see also McQuiggin v. Perkins*, 569 U.S. 383, 385 (2013) (same). Put more directly, and "to remove the double negative," the test is whether it is "more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538. This "standard is demanding and permits review only in the extraordinary case." *Id*. (quotation omitted).

Graves has not come close to crossing that high bar here. The petition winds a meandering path through evidence at trial that Graves believes was weak or otherwise insufficient to be relied upon by the jury. The obvious problem is that this is little more than a rebaking of the cake, and not a demonstration of a credible claim of actual innocence. The "new" evidence of innocence consists mainly of affidavits from family and friends, and hotel records, that are said to disprove one incident of alleged physical abuse by Graves. *See* Dkt. No. 1-1. Even assuming this "new" evidence was not available for use at the trial, which is not clear in the record, it does little more than nip at the margins of the overall case against Graves, and certainly does not rise to a level of demonstrating that a reasonable juror would not have convicted him. *See McQuiggin*, 569 U.S. at 400-401; *Smith*, 510 F.3d at 1143.

## CONCLUSION

Graves' petition for a writ of habeas corpus is dismissed. A certificate of appealability is denied. Graves has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Benton*, 2019 WL 6465143, at \*13.

**IT IS SO ORDERED.**

Dated: February 16, 2024

JAMES DONATO
United States District Judge